UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>HOME DEALS OF MAINE, LLC<br><br>　　　　Debtor. | Chapter 11<br>Case No. 22-10267 |
| MARC RAYCHARD and TORRY RAYCHARD,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>HOME DEALS OF MAINE, LLC, U.S. BANK NATIONAL ASSOCIATION, as Trustee for Fidelity Guaranty Life Mortgage Trust 2018-1, and KENOBI, LLC,<br><br>　　　　Defendants. | Adv. Proc. No. 22-01003 |

## ORDER DENYING REQUEST FOR ENTRY OF DEFAULT

　　　　This matter came before the Court on Plaintiffs' Affidavit and Request for Entry of Default (Docket Entry ("D.E") 21) seeking entry of default against Defendant U.S. Bank National Association, as Trustee for Fidelity Guaranty Life Mortgage Trust 2018-1 ("U.S. Bank"). The Plaintiffs contend an entry of default is appropriate because U.S. Bank filed to timely plead or otherwise defend against the Amended Complaint filed on July 14, 2022 (D.E. 12).

　　　　An entry of default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . " Fed. R. Civ. P. 55(a), as made applicable by Fed. R. Bankr. P. 7055.

Notwithstanding the availability of this tool, "[i]n the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct."  Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994) (*citing* United States on Behalf of and for the Use of Time Equipment Rental Sales, Inc. v. Harre, 983 F.2d 128, 130; Taylor v City of Ballwin, Missouri, 859 F.2d 1330, 1332 (8th Cir. 1988)).  Public policy strongly favors trying cases on their merits and, therefore, courts may exercise their discretion to refuse to enter default where the record evidences a defendant's intent to contest an action.  Wendt v. Pratt, 154 F.R.D. at 230.

The record does not support an entry of default against U.S. Bank.  U.S. Bank timely filed a motion seeking dismissal of the Complaint (D.E. 10) and in response, the Plaintiffs filed the Amended Complaint (D.E. 12).  Although U.S. Bank concedes it did not timely answer or otherwise defend against the Amended Complaint, that party did eventually file a motion to dismiss a just over two weeks after the deadline for doing so expired and a little more than a week *before* the Plaintiffs made their request for entry of default (D.E. 16).  U.S. Bank's two motions to dismiss, as well as its response to the Request for Entry of Default, clearly evidence that party's intent to defend against this action.

Plaintiff's request for entry of default is therefore DENIED.


Dated: August 29, 2022                           /s/ Peter G. Cary
                                                 Judge Peter G. Cary
                                                 United States Bankruptcy Court