UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>HOME DEALS OF MAINE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-10267 |
| MARY RAYCHARD and TORRY RAYCHARD,<br><br>    Plaintiffs,<br><br>v.<br><br>HOME DEALS OF MAINE, LLC, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR FIDELITY GUARANTY LIFE MORTGAGE TRUST 2018-1, and KENOBI, LLC,<br><br>    Defendants. | Adversary Proceeding<br>Case No. 22-1003 |

**ORDER GRANTING MOTION TO DISMISS FILED BY U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR FIDELITY GUARANTY LIFE MORTGAGE TRUST 2018-1**

U.S. Bank National Association, as Trustee for Fidelity Guaranty Life Mortgage Trust 2018-1 ("U.S. Bank") moved to dismiss Counts II and IV of the Amended Complaint of Marc Raychard and Torry Raychard, filed on July 14, 2022. Specifically, U.S. Bank contends that Count II is unripe and that Count IV fails to state a claim for relief under the doctrine of marshaling. The Court agrees and grants U.S. Bank's motion.

In considering U.S. Bank's motion, the Court is guided by frequently cited authority and assumes the truth of the facts pled by the Raychards and indulges all reasonable inferences that

fit with their theory of liability. Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5–6 (1st Cir. 2005). This dispute arises out of an agreement entered into by the Raychards and Home Deals of Maine, LLC ("Home Deals") in June 2018, pursuant to which the Raychards executed a promissory note in favor of Home Deals in the amount of $250,000.00, representing the purchase price of certain real estate located at 8 Church Hill Road, Buxton, Maine (the "Property"). The Raychards moved into the Property that same month and continued to make monthly payments on the note through December of 2021.

In August of 2018, Home Deals granted Finance America Commerical LLC ("Finance America") a Mortgage, Assignment of Leases and Rents, Security Agreement & Fixture Filing and a UCC Financing Statement (collectively, the "US Bank Mortgage") in various real estate, including the Property. On October 6, 2021, Home Deals filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. On its bankruptcy schedules, Home Deals listed fourteen parcels of real estate, including the Property, with a total aggregate value of $2,701,000.00. The schedules indicated that all fourteen parcels secured debt owed to U.S. Bank totaling approximately $1,500,000.00.

After Home Deals indicated an intent to reject its contract with the Raychards, they commenced this adversary proceeding, seeking a judgment directing Home Deals to perform on the contract and ordering US Bank and another mortgagee, Kenobi, LLC, to discharge their mortgages and to marshal their collateral.

I. *Count II is unripe for adjudication.*

In Count II of the Amended Complaint, the Raychards seek to compel U.S. Bank to discharge the U.S. Bank Mortgage. "Article III of the United States Constitution limits the jurisdiction of federal courts to actual 'cases' and 'controversies.' U.S. Const. art. III, § 2, cl.1;

2

see also Chafin v. Chafin, 568 U.S. 165, 171 (2013). 'Spawning from that limitation, the frequently intertwined doctrines of standing, ripeness, and mootness all probe whether a subsisting controversy warrants judicial intervention.' Religious Sisters of Mercy v. Azar, No. 3:16-cv-00386, 2021 WL 191009, at *11 (D.N.D. Jan. 19, 2021) (citing Warth v. Seldin, 422 U.S. 490, 499 n.10 (1975))." O'Neil, 2021 WL 2069922, at *2 (B.A.P. 1st Cir. May 21, 2021). Turning first to standing, a plaintiff must show: (1) that he or she suffered an "injury in fact"; (2) that the injury is causally connected to the conduct complained of; and (3) that injury will likely be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136, 119 L.Ed. 2d 351 (1992). "And to demonstrate that a case is ripe within the meaning of Article III, the facts alleged must 'show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of the judicial relief sought.'" Foisi v. Worcester Polytechnic Inst., 967 F.3d 27, 35 (1st Cir. 2020) (quoting, Reddy v. Foster, 845 F.3d 493, 500 (1st Cir. 2017)).

Putting aside whether the authorities cited by the Raychards, 33 M.R.S.A. § 201 and Wexler v. Wexler, 1997 ME 190, ¶ 11, 699 A.2d 1161, 1164, would provide the redress that the Raychards seek, they have not suffered an injury as a result of U.S. Bank's conduct.  The Amended Complaint does not allege either that the U.S. Bank Mortgage is invalid or that the underlying debt owed to U.S. Bank has been satisfied.  At oral argument, counsel for the Raychards conceded that U.S. Bank is under no obligation to discharge the U.S. Bank Mortgage until that creditor's secured claim has been paid.  Moreover, U.S. Bank admits that, once the debt has been satisfied, the lien must be discharged in accordance with state law.  There is no actual controversy, and any judgment the Court could issue in favor of the Raychards on Count II would merely be a recitation of U.S. Bank's obligations under state law *if* and *when* the debt is

finally paid. Accordingly, this matter is not ripe for adjudication and Count II is dismissed.

> II. *Count IV fails to state a claim for relief because the doctrine of marshaling is not available to the Raychards and even if it were, its application here is premature.*

Through Count IV, the Raychards request a marshaling order requiring U.S. Bank to look to assets of Home Deals, other than the Property, to recover its claim against Home Deals. Marshaling is an equitable remedy, the use of which lies within the discretion of the bankruptcy court. In re Larry's Equip. Serv., Inc., 23 B.R. 132, 133–34 (Bankr. D. Me. 1982) (citing, Meyer v. United States, 375 U.S. 233, 237, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963). "The equitable doctrine of marshalling [sic] rests upon the principle that a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." Sowell v. Fed. Reserve Bank of Dallas, Tex., 268 U.S. 449, 456–57, 45 S. Ct. 528, 530, 69 L. Ed. 1041 (1925); In re Larry's Equip. Serv., Inc., 23 B.R. at 133–34. See also, Harris v. Peabody, 73 Me. 262, 268 (1881). "Its purpose is to prevent the arbitrary action of a senior lienor from destroying the rights of a junior lienor or a creditor having less security." Meyer v. United States, 375 U.S. at 237.

Strictly applying these elements to the facts presented here, the Raychards failed to plead the necessary facts to be entitled to the remedy of marshaling.[1] They are not creditors of Home Deals. They do not hold a security interest, such as a lien or a mortgage, on the Property; nor have they pled that their contractual arrangement with Home Deals somehow creates an equitable mortgage on that property.

Even if Maine law could be construed to permit a more expansive application of the doctrine of marshaling, the relief sought in Count IV is premature. U.S. Bank is not presently

---

[1] The Court notes that nonbinding authority exists for the application of marshaling in certain situations where parties have competing interests but not liens or mortgages in the common property. See, Restatement (Third) of Property (Mortgages) § 8.6 (1997).

seeking to enforce its interests in the Property and, in fact, could not do so without first obtaining relief from the automatic stay.  Moreover, Home Deals, in its capacity as a chapter 11 debtor-in-possession, is in the process of liquidating its real property, having already obtained orders approving sales of ten of the fourteen properties listed on its schedules.  The sales are being conducted as part of a coordinated effort by Home Deals to eliminate U.S. Bank's secured claim in furtherance of its proposed chapter 11 plan of reorganization.  While U.S. Bank has been generally supportive of Home Deals' efforts, it has not taken an active role in the liquidation process.  In fact, as a result of Home Deals' decision to file for relief under Subchapter V of Chapter 11 of the Bankruptcy Code, U.S Bank is barred from filing a competing plan of reorganization even if it wished to do so.

Given these facts, the Court declines to invoke its equitable power to require U.S. Bank to realize on its other collateral and Count IV is dismissed.

The Raychards may have claims against Home Deals that are ripe for adjudication as a result of that party's intention to reject its alleged contract with the Raychards, but U.S. Bank holds a valid secured claim and has not caused any harm to the Raychards by either its actions or its inaction.  Accordingly, the motion to dismiss is hereby GRANTED in its entirety.

Dated: October 6, 2022  /s/ Peter G. Cary
Judge Peter G. Cary
U.S. Bankruptcy Court

5